The STATE of Ohio, Appellee,

v.

KULP, Appellant.

[Cite as *State v. Kulp* (1996), 110 Ohio App.3d 144.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–95–017.

Decided March 29, 1996.

*John E. Meyers,* Sandusky County Prosecuting Attorney, and *Ronald J. Mayle,* Assistant Prosecuting Attorney, for appellee.

*Jon Ickes,* for appellant.

SHERCK, Judge.

This appeal comes to us from a judgment of conviction and imposition of sentence issued by the Sandusky County Court of Common Pleas in a case involving a plea of not guilty by reason of insanity. Because we conclude that the trial court failed to follow proper procedures as to competency and insanity plea issues, we reverse the judgment of the trial court.

On October 21, 1994, appellant, Mark A. Kulp, was indicted for felonious assault in violation of R.C. 2903.11(A)(2), and failure to comply with a lawful order or signal of a police officer in violation of R.C. 2921.331(C)(3). The charges stemmed from allegations that appellant had failed to pull over his tractor-trailer rig at a police officer's direction, had continued driving for approximately four miles while being pursued by police vehicles that had their flashers and sirens engaged, had tried to run two police vehicles off the road, had stopped abruptly in an attempt to wreck two pursuing police vehicles, had attempted to hit a police vehicle or officers with his truck, and had resisted arrest. Appellant, through counsel retained for him by the Oklahoma Union of Truck Drivers, entered a plea of not guilty by reason of insanity. A judgment entry dated November 28, 1994 ordered that appellant be transported from the county's jail to a diagnostic treatment center for evaluation as to his competency to stand trial and insanity at the time of the offense. Trial was set for March 1, 1995.

On February 28, 1995, appellant's attorney filed a motion to withdraw, stating that appellant had ceased to cooperate in the preparation of his defense. When questioned by the court, appellant stated that his attorney had failed to meet with him when requested, that he was dissatisfied with the attorney's representation, and that he had discharged him. Appellant also indicated that he had tried to get another attorney via the Oklahoma Union of Truck Drivers, but that difficulties with his bank prevented him from doing so. He further alleged that his counsel had interfered with his attempts to retain another attorney. The trial court then informed appellant that it would grant a continuance so that appellant could either retain counsel or meet with an appointed attorney. Appellant indicated that he wished to proceed because he could not afford to retain other counsel, that he did not want appointed counsel, and that he did not want to waive his

speedy trial time. For the record, appellant's attorney denied that he had hindered appellant's efforts, and stated that he had, in fact, attended several court proceedings, had filed pleadings on appellant's behalf, and had met several times with appellant to discuss defense strategy. Nevertheless, appellant stated that he "had no other choice" and insisted that the trial court continue with the proceedings.

The trial court then permitted appellant to proceed *pro se* and appellant's attorney to officially withdraw. However, the court reappointed this same attorney for the purpose of assisting appellant as standby counsel during the trial.

The state presented testimony from four police officers; appellant cross-examined the witnesses and testified on his own behalf.

The jury found appellant guilty as to both counts. Appellant, still acting *pro se* but assisted by his original attorney, was sentenced to a term of ten to twenty-five years as to the conviction for felonious assault and to a term of eighteen months as to the conviction for the failure to comply with a lawful order or signal of a police officer; the sentences were to run concurrently.

Appellant now appeals his conviction and sentence, setting forth the following two assignments of error:

"First Assignment of Error

"The trial court denied the appellant his right to effective assistance of counsel a guarenteed [*sic*] by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution by allowing the appellant to proceed to trial pro-se [*sic*].

"Second Assignment of Error

"The appellant did not knowingly, voluntarily or intelligently waive his right to counsel, resulting in a denial of appellant's right to effective assistance of counsel as guarenteed [*sic*] by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."

Having thoroughly reviewed the record in this case, we are initially compelled to address several troubling aspects of the court proceedings regarding appellant's insanity plea and subsequent psychological evaluation. Since these issues were neither objected to in the trial court nor argued by appellate counsel, we must examine them on the basis of plain error.

Failure to object to an error in a criminal proceeding precludes the issue from being raised on appeal, unless the issue rises to the level of plain error. See *State v. Underwood* (1983), 3 Ohio St.3d 12, 13, 3 OBR 360, 361, 444 N.E.2d 1332, 1333; *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804. Plain

error is an obvious error or defect in the trial court proceedings, affecting substantial rights, of which it can be said that, "but for the error, the outcome of the trial court clearly would have been otherwise." See Crim.R. 52(B); *State v. Underwood, supra; State v. Long, supra.*

A competency hearing is not automatically mandated when a defendant entered a plea of not guilty by reason of insanity. *State v. Wilcox* (1984), 16 Ohio App.3d 273, 16 OBR 298, 475 N.E.2d 516. However, R.C. 2945.37 provides that when the issue of the defendant's competence to stand trial is raised before trial, "the court *shall* hold a hearing on the issue." (Emphasis added.) R.C. 2945.371(D) states that, if a psychological evaluation is ordered, "the examiner *shall file* a written report with the court within thirty days after entry of an order for examination." (Emphasis added.) Within ten days after the filing of the report the court shall then conduct a hearing as to the defendant's competency; upon evidence submitted, the court shall then make a determination as to the defendant's competence to stand trial. However, the failure of a trial court to hold the mandatory hearing on competence may be deemed harmless error where the record fails to show sufficient indications of incompetency. *State v. Bekesz* (1991), 75 Ohio App.3d 436, 599 N.E.2d 803.

R.C. 2945.39 also provides that a trial court may order a defendant who enters an insanity plea to undergo psychological evaluation as to his mental condition at the time of the offense. However, this section provides that the examiner shall complete his report within thirty days after the court's order and "*shall prepare and provide* to the court, prosecutor, and defense counsel a written report concerning the mental condition of the defendant." (Emphasis added.) R.C. 2945.39(C). Therefore, where a defendant is evaluated for purposes of the insanity defense only and not for competency, the examiner's report need not necessarily be filed, but merely provided to the court and to the parties.

In the present case, appellant entered a plea of not guilty by reason of insanity. Pursuant to that plea, the court specifically ordered that appellant be evaluated both as to his competence to stand trial and insanity at the time of the offense.[1] A later judgment entry ordered that appellant be transported to the Toledo Court Diagnostic and Treatment Center for evaluation. However, from this point on, the record is devoid of any further reference to or findings as to appellant's competence or his insanity plea. The record contains no psychological report, no evidence of a hearing, no judgment entry as to the trial court's findings

---

1. Although appellant did not file a motion as to competency, the court-authored form specifically ordered that the evaluation include competency to stand trial, pursuant to 2945.371.

as to competency or insanity at the time of the offense, and no withdrawal of the insanity plea.

Moreover, the record discloses other troubling matters. Despite the trial court's offer to appoint counsel or to grant a continuance so that appellant could retain his own attorney, appellant insisted that he had "no other choice" but to proceed *pro se*. Considering the serious nature of the charges, this action on appellant's part raises a red flag that he may not have fully grasped the significance of representing himself or the gravity of an adverse verdict. Without further inquiry, the trial court granted appellant's attorney leave to withdraw, but then proceeded to appoint this same person discharged by appellant, as standby counsel. The trial court also failed to have appellant execute a written waiver of his right to counsel, as required by Crim.R. 44.[2] Moreover, appellant's widely varied versions of the events for which he was arrested indicated that his mental state warranted further investigation.[3]

Upon our complete review, we conclude that the omission from the record of highly relevant documents concerning appellant's mental state in conjunction with the trial court's failure to follow the proper procedures mandated by R.C. 2945.37, 2945.371, and 2945.39, when viewed within the context of the entire record, constitutes plain error.

Based upon this determination, appellant's two assignments of error are moot.

The judgment of the Sandusky County Court of Common Pleas is reversed and appellant's cause is remanded for proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

HANDWORK and GLASSER, JJ., concur.

---

**2.** We are aware that a defendant may waive his right to counsel by inference. See *State v. Hook* (1986), 33 Ohio App.3d 101, 103, 514 N.E.2d 721, 723–724, citing *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466, and *Ungar v. Sarafite* (1964), 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921. However, in this case, we need not reach that issue due to the failure of the trial court to observe proper procedures as to the competency evaluation.

**3.** Appellant insists that either he did not see the vehicles or that he did not think that the vehicles were attempting to get him to pull over. Appellant also testified that, after stopping the truck and seeing the officers with guns pulled, he refused to leave his truck and asked for a "federal marshal to mediate" because he was afraid that the officers would hurt him. Appellant denies that he tried to run any vehicles off the road or that he attempted to back over one of the officers.