DECISION AND JOURNAL ENTRY
Defendant, Kenneth D. Linscott, has appealed from his conviction of two counts of gross sexual imposition by the Summit County Court of Common Pleas. We affirm.
Defendant was indicted on two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), both third degree felonies. Each count involved a separate victim, each less than thirteen years of age. Defendant initially pled not guilty and not guilty by reason of insanity and the trial court ordered the Court Psycho-Diagnostic Clinic to examine Defendant and determine his mental condition at the time of the offense. Defendant subsequently changed his plea to guilty. The trial court sentenced Defendant to five years community control with the condition that he enter and successfully complete the Volunteers of America New Life Sex Offender Program ("treatment program"). Further, the trial court classified Defendant as a sexual predator pursuant to R.C. 2950.09(C). Defendant timely appealed his classification as a sexual predator.
The treatment program terminated Defendant from the program after nine days, and he was charged with a community control violation. Defendant then pled not guilty to the community control violation. Defendant requested and was allowed to have another psychological evaluation performed. Following a hearing, the trial court found that Defendant violated the terms and condition of his probation and sentenced him to the maximum sentence of five years in prison on each count of gross sexual imposition. The court further ordered that each term was to be served consecutively, for a total of ten years. Defendant timely appealed. This Court consolidated the appeals. Defendant has raised five assignments of error, which have been rearranged for ease of review.
 ASSIGNMENT OF ERROR I Where this severely mentally ill defendant was induced to plead guilty by the illusory promise of a probation-required treatment program for which he was in fact ineligible because of his mental illness, the plea is invalid and the trial court erred in accepting the plea:
A. Without first ordering a competency evaluation;
 B. Without first enforcing its order that Defendant be interviewed for acceptance into the treatment program;
 C. Without protecting Defendant's right to effective counsel who would ensure that such competency evaluation was made and that such court-ordered interview was accomplished.
 In his first assignment of error, Defendant actually presents four separate assignments of error. Defendant has asserted that the trial court erred when it (1) accepted Defendant's guilty plea because it was based on false representations; (2) failed to order a competency evaluation; (3) failed to enforce its order that Defendant be interviewed for acceptance into the treatment program; and (4) failed to protect Defendant's right to effective assistance of counsel.
 A. Acceptance of Guilty Plea
Defendant first asserts that the trial court erred in accepting his guilty plea. He claims his plea was not voluntary because it was induced by false representations. Specifically, Defendant alleges that he was ineligible for the probation-required treatment program because he was suffering from a mental illness and the program required participants to be free from "major * * * psychiatric impairments." We disagree.
Prior to accepting a guilty plea from a defendant, the trial court must substantially comply with the requirements of Crim.R. 11(C). State v.Ballard (1981), 66 Ohio St.2d 473. Crim.R. 11(C)(2) provides in pertinent part:
 In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved[.]
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty[.]
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial * * *.
 Substantial compliance with Crim.R. 11(C) is determined upon a review of the totality of the circumstances. State v. Flint (1986), 36 Ohio App.3d 4, 7.
Upon a review of the lengthy colloquy between the trial court and Defendant, we find that the trial court sufficiently explained Defendant's constitutional rights and the possible penalties. We find that the court sufficiently complied with Crim.R. 11(C) in accepting Defendant's guilty plea.
We further find that there was no false representation involved in this plea bargain. The record indicated that upon Defendant's arrival at the treatment program, he was interviewed by Lori Brusman, a psychiatric social worker who served as part of the clinical assessment team for the program. At that time Brusman assessed that Defendant suffered from "Bipolar I Disorder," among other diagnoses. Defendant was subsequently admitted to the program, where he spent nine days before being discharged for "bizarre behaviors." As evidenced by the record, the treatment program staff knew about Defendant's mental illness prior to his admittance. Additionally, the treatment program was willing to take him back after he was discharged. Clearly, Defendant's mental illness was not a barrier to gaining admittance into the program. The trial court did not err when it accepted Defendant's guilty plea.
 B. Competency Evaluation
Next, Defendant argues that the trial court was required to order a competency evaluation of Defendant. Further, Defendant contends that the court-ordered evaluation following his plea of not guilty by reason of insanity did not address competency, as required. Defendant's argument is not well taken.
"A competency hearing is not automatically mandated when a defendant enter[s] a plea of not guilty by reason of insanity." State v. Kulp
(1996), 110 Ohio App.3d 144, 147. However, R.C. 2945.37(B) requires a competency hearing if a request is made before trial. Further, R.C.2945.371(A) provides that
 [i]f the issue of a defendant's competence to stand trial is raised or if a defendant enters a plea of not guilty by reason of insanity, the court may order one or more evaluations of the defendant's present mental condition or, in the case of a plea of not guilty by reason of insanity, of the defendant's mental condition at the time of the offense charged.
 "[T]he right to a hearing on the issue of competency rises to the level of a constitutional guarantee where the record contains `sufficient indicia of incompetence,' such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial." State v. Berry
(1995), 72 Ohio St.3d 354, 359. The presence of mental illness does not necessarily equate with incompetency. Id. at 362; accord R.C. 2945.37(F). Thus, the decision to order a competency evaluation is vested in the sound discretion of the trial court and its decision cannot be reversed absent a showing of an abuse of discretion. See Prudential Ins. Co. Of America v. Hashman (1982), 7 Ohio App.3d 55, 58. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
In this case, Defendant never specifically requested a hearing on the issue of competency. Nevertheless, Defendant apparently argues that the trial court should have sua sponte conducted a hearing on the issue. Upon Defendant's plea of not guilty by reason of insanity, the court ordered an evaluation of Defendant to determine his mental condition at the time of the offense, as allowed by R.C. 2945.371(A). While the diagnosis stated that Defendant was suffering from a mental disorder, this does not mean he lacked competence to stand trial. Further, Defendant does not point to anything in the record indicating that he was incompetent at the time he entered his plea, and our review of the record has revealed no indicia of incompetency that would have required a hearing on the matter.
We conclude that the issue of Defendant's competency was not raised prior to trial and an evaluation or hearing on that issue was not mandatory. Defendant has failed to demonstrate any abuse of discretion in not ordering a competency evaluation.
 C. Court Order
Defendant contends that the trial court erred in its failure to enforce its order that permitted Defendant to be interviewed in jail by the treatment program staff. Defendant claims that the jail staff disregarded the court's order and refused to allow the interview. Defendant's argument has no merit.
The record indicates that defense counsel never requested the court to enforce its order. Assuming arguendo that the jail staff violated the trial court's order to allow the interview, Defendant never called it to the attention of the court at a time when it could have been corrected. Therefore, we conclude that because Defendant failed to ask the trial court for relief, this error was waived. See State v. Graham (Oct. 31, 1997), Clark App. No. 96-CA-106, unreported, 1997 Ohio App. LEXIS 4783, at *17.
 D. Ineffective Assistance of Counsel
Defendant also argues that he was denied his Sixth Amendment right to effective assistance of counsel. Defendant claims that his trial counsel recommended the treatment program even though he knew or should have known that Defendant was ineligible to participate due to his mental illness. We disagree.
The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in State v. Bradley (1989),42 Ohio St.3d 136, paragraphs two and three of the syllabus, as follows:
 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors the result of the trial would have been different.
(Citations omitted).
Given the fact that the record indicates that Defendant was admitted to the treatment program despite the staff's knowledge of his mental illness, it cannot be said that counsel's recommendation to place him in the program fell below an objective standard of reasonable representation.
Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR III Where the trial court did not follow the statutory sentencing guidelines under R.C. 2929.11 Et Seq., the trial court erred in the following ways:
A. In imposing a prison term at all;
 B. In not imposing the minimum sentence of one year on each count;
 C. In imposing the maximum sentence of five years on each count; and
 D. In requiring that each maximum five-year sentence be served consecutively.
 In his third assignment of error, Defendant argues that the trial court erred in imposing a prison sentence for his felony convictions without making the statutorily required findings pursuant to R.C. 2929.13. Furthermore, he asserts that the trial court erred in imposing a sentence that is not in compliance with the statutory limits as to the length of the prison sentence. We agree in part.
Defendant was convicted of violating R.C. 2907.05(A)(4), which is classified as a third degree felony. R.C. 2907.05(B). Because there is no presumption for or against imprisonment for a third degree felony, the sentencing court must determine whether the defendant should be imprisoned or sentenced to community control sanctions. Guidance is found in R.C. 2929.13(C), which provides the sentencing court with discretion to impose a sentence of imprisonment or community control sanctions in accordance with the overriding purposes of sentencing: the protection of the public and the punishment of the offender. See R.C.2929.11. To this end the sentencing court is to determine the relative seriousness of the offender's conduct, guided by the factors listed in R.C. 2929.12 (B) (C), and the likelihood that the offender will commit additional offenses, guided by the factors listed in R.C. 2929.12 (D) 
(E). R.C. 2929.12(A).
Thereafter, in the event that the court concludes that a prison term is an appropriate punishment, the court must then turn to R.C. 2929.14 to determine the length of the sentence. R.C. 2929.14(B) governs the sentence that may be imposed by a trial court when the defendant is convicted of a felony, a prison sentence is imposed, and the defendant has not previously served a prison term. Under those circumstances, the minimum sentence for the felony offense must be imposed unless the trial court "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). However, R.C. 2929.14(B) does not require that the trial court give its reasons for its findings. Edmonson, 86 Ohio St.3d 324, 326.
R.C. 2929.14(A)(3) provides that a prison sentence on a third degree felony may range from one to five years. In order to properly impose the maximum sentence, the court must find that the defendant meets one of four criteria. The only two criteria relevant to this appeal are whether Defendant committed one of the worst forms of the offense or poses the greatest likelihood of committing future crimes. See R.C. 2929.14(C). Pursuant to R.C. 2929.19(B)(1)(d), the court is then required to state its reasons for imposing such a sentence at the sentencing hearing.Edmonson (1999), 86 Ohio St.3d 324, 326.
Similarly, R.C. 2929.14(E)(4) requires a trial court to make three findings before prison terms may be imposed consecutively. The court may require the offender to serve the prison terms consecutively if the court finds (1) that the consecutive service is necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 R.C. 2929.14(E)(4). The trial court must also give "its reasons for imposing the consecutive sentences." R.C. 2929.19(B)(2)(c).
In the instant case, the trial court properly considered the statutory factors set forth by R.C. 2929.12 in sentencing the Defendant to prison and stated in its sentencing entry, "The Court * * * finds the Defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11."
Nonetheless, Defendant contends none of the factors listed in R.C.2929.12(B), regarding the seriousness of Defendant's conduct, are present in this case and that the trial court punished Defendant due to his mental illness, rather than for the seriousness of the offense. In order to accept this assertion we would have to ignore the record before us. Defendant, an elementary school teacher, induced two of his male students, who were under age 13, to go into the church bathroom with him to touch his penis. Defendant also touched the boys' bottoms. At the time, Defendant believed he was the "Antichrist" and "had to do something wrong." Based upon the record, this Court cannot conclude that the trial court clearly and convincingly acted contrary to law or the record when it sentenced Defendant to imprisonment.
The second aspect of his sentence Defendant challenges is the trial court's decision to impose more than the minimum prison term. As noted above, Defendant was convicted of a third-degree felony. The shortest authorized prison sentence for a third-degree felony is one year. R.C.2929.14(A)(3). The trial court sentenced appellant to five years imprisonment.
Although during the sentencing hearing the trial court did discuss its reasons for imposing a substantial prison term, the court did not adequately make the findings enumerated in R.C. 2929.14(B) on the record when it sentenced Defendant to more than the minimum prison term. However, in the trial court's sentencing journal entry, we find that the trial court made the requisite finding, concluding that the shortest prison term "would demean the seriousness of the offense." See State v.Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 3-4. Therefore, we find Defendant's sentence for more than the minimum is supported by the record and is not contrary to law.
Defendant also argues that the trial court erred in sentencing him to maximum prison terms and imposing them consecutively. During sentencing, the court stated:
 Ohio law provides that the overriding purpose and my obligation to consider, the overriding purpose that I need to consider in imposing sentence is as follows as the law so states, punish the offender, protect the public from future crime by this offender, also consider the need for incapacitation, deterrence and rehabilitation, that's what the law requires.
* * *
 There is no other conclusion that I can arrive at but a long prison term is necessary in this case to provide assurances that other children are not victimized.
The trial court later stated:
 [T]hese are two [felonies of the third degree], charges of gross sexual imposition, sentence of five years on each count, it will be consecutive and not concurrent, those terms being necessary to protect the public, punish the offender.
 Harm in this case is so great and unusual that a single term does not adequately reflect the seriousness of the conduct.
 Neither the transcript of the sentencing hearing nor the trial court's journal entry made findings as to R.C. 2929.14(C). The sentencing entry did make two of the findings required by R.C. 2929.14(E)(4), but did not make the third required finding. Therefore, we are compelled to find that the maximum and consecutive sentences imposed by the trial court are not supported by the record.
The sentencing record does not contain the findings required under R.C. 2929.14, as construed in Edmonson, to support the imposition of maximum or consecutive sentences. Therefore, we must sustain Defendant's third assignment of error in part and remand this cause to the trial court for resentencing in accordance with the applicable statutes andEdmonson.
 ASSIGNMENT OF ERROR II Where Defendant was subjected to a court-ordered [not guilty by reason of insanity] evaluation and was not warned that what he said could be used against him in the sentencing phase of the case or in the sex offender classification phase, the court deprived Defendant of his fifth amendment right against self-incrimination when it considered the [not guilty by reason of insanity] evaluation as evidence in making both its sentencing and "sexual predator" determinations.
 In his second assignment of error, Defendant argues that the reasons given by the trial court for the imposed prison sentence violated Defendant's Fifth Amendment privilege against self-incrimination. Specifically, Defendant refers to the use of the court-ordered psychological evaluation and Defendant's statements made while in the treatment program.
Pursuant to App.R. 12(A)(1)(c), this Court's disposition of the first assignment of error renders Defendant's second assignment of error moot and accordingly, it will not be addressed.
 ASSIGNMENT OF ERROR IV Where Defendant was a first offender; where he was not given notice of the date, time or place of his sex offender classification hearing; and where there was no competent evidence other than his fraudulently induced guilty plea on which to base a "sexual predator" finding, the court erred in the following ways:
 A. In failing to specify in the sentence that Defendant was "not an [sic.]habitual sex offender";
B. In finding Defendant to be a "sexual predator";
 C. In applying R.C. Chapter 2950 in an unconstitutional manner that deprived Defendant of his Fourteenth Amendment due process rights and his Fifth Amendment right against self-incrimination.
 In his fourth assignment of error, Defendant presents four separate arguments. Defendant has asserted that the trial court erred when it failed to specify that Defendant was not a habitual sex offender and found him to be a sexual predator because (1) it failed to give notice of the hearing; (2) he is a first offender; (3) there was no competent evidence on which to base the finding; and (4) it applied R.C. Chapter 2950 in an unconstitutional manner. We agree in part.
Defendant first maintains that the trial court failed to give him notice of the date, time, and location of the sex offender hearing as required by R.C. 2950.09(B)(1). The record indicates that after the court accepted Defendant's guilty plea, it announced that the sentencing hearing would be held one week later, but never mentioned or referred to the sexual predator hearing. Subsequently, the trial court conducted a sentencing hearing at which time it also conducted a sexual predator hearing. The State urges that because Defendant failed to object when the sexual predator hearing was held, he has waived the issue on appeal. Thus, we are concerned with whether the court complied with R.C. 2950.09
and provided Defendant notice of the sexual predator hearing.
R.C. 2950.09(B)(1) states in relevant part, "[t]he court shall give the offender and the prosecutor who prosecuted the offender for the sexual oriented offense notice of the date, time, and location of the hearing." Several courts have held that notice of a sentencing hearing does not meet the R.C. 2950.09(B)(1) requirement to give notice of a sexual predator classification. See State v. Higgenbotham (Mar. 21, 2000), Belmont App. No. 97 BA 70, unreported, 2000 Ohio App. LEXIS 1215; Statev. Thomas (Aug. 10, 1999), Meigs App. No. 98CA16, unreported, 1999 Ohio App. LEXIS 3738; State v. Ramsey (Dec. 22, 1997), Clermont App. No. 97-03-025, unreported, 1997 Ohio App. LEXIS 5708.
The dispositive authority on this subject is State v. Gowdy (2000),88 Ohio St.3d 387, where the Supreme Court of Ohio considered a case involving procedural facts similar to those of the instant case. InGowdy, the trial court scheduled the sentencing hearing but never referenced the sexual predator classification hearing. The Supreme Court rejected the analysis of the Court of Appeals that failure to give notice had not prejudiced Gowdy. Id. at 398. The Court stated that the notice provision of R.C. 2950.09(B)(1) demands strict compliance, and considered the same issue we confront in this case: whether the failure of Defendant to object to the lack of notice and his subsequent participation in the classification hearing constituted a waiver of the right to raise the issue on appeal. Id. After noting that sexual predator classification hearings are civil in nature, and after considering that the plain error doctrine is generally not favored in civil cases and may only be applied in extremely rare instances, the Court determined that Gowdy did involve such exceptional circumstances. Id. at 398-99. The Court stated in its syllabus, "The notice requirement for sexual offender classification hearings under R.C. 2950.09(B)(1) is mandatory."
Accordingly, we are constrained to follow Gowdy, and therefore we vacate the judgment classifying Defendant as a sexual predator and remand the matter for a rehearing in compliance with R.C. 2950.09(B)(2) and (E) and upon proper notice to all parties as mandated by R.C. 2950.09(B)(1).
Based upon our resolution of this argument, the remaining arguments within this assignment of error are moot and we need not consider them. See App.R. 12(A)(1)(c). Defendant's fourth assignment of error is sustained to the extent considered.
 ASSIGNMENT OF ERROR V Where the court based its finding of a probation violation on unreliable hearsay, and further where Defendant's severe mental illness was the cause of his discharge from the probation-required treatment program, the court erred as a matter of law in finding the Defendant guilty of a probation violation for being discharged from said program.
 In his final assignment of error, Defendant argues that the trial court erred in admitting unreliable hearsay as evidence in the probation violation hearing. We disagree.
A trial court enjoys broad discretion in the admission and exclusion of evidence and will not be reversed absent a clear abuse of discretion which materially prejudiced the objecting party. Williams v. Oeder
(1995), 103 Ohio App.3d 333, 341. The Ohio Rules of Evidence to do not strictly apply to probation hearings. See State v. Cook (1978),83 Ohio St.3d 404, 425. A trial judge may rely upon hearsay that is reliable during such a proceeding. See id.
The only witness for the State in the probation violation hearing was Janice Sturkey, an adult probation officer for Summit County. Sturkey testified as to statements made by Defendant to a therapist, a director, and a social worker at the treatment program. We find that the testimony relied upon by the trial court in this probation hearing was sufficiently reliable and trustworthy. Therefore, we find no abuse of discretion in the trial court's decision to allow the testimony into evidence. Defendant's fifth assignment of error is without merit.
Defendant's first and fifth assignments of error are overruled, Defendant's second assignment of error is moot and thus is not considered due to our disposition on the first assignment of error, Defendant's third assignment of error is sustained in part, and Defendant's fourth assignment of error is sustained to the extent considered.
Judgment affirmed in part, reversed in part, and remanded.
 —
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P. J., CONCURS